UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

SIAVASH AMANIEH,

       Plaintiff,

vs.

JORGE MAURA, individually, and the
CITY OF FORT LAUDERDALE, a Florida
Municipal corporation,

       Defendants.
_____/

**COMPLAINT**
**INTRODUCTORY STATEMENT**

1. This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against Defendant JORGE MAURA, individually, and Defendant CITY OF FORT LAUDERDALE, a Florida Municipal corporation.

2. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. §1367(a).

3. Plaintiff has complied with all conditions precedent by to this action pursuant to the requirements of Florida Statute § 768.28.

**PARTIES**

4. Plaintiff SIAVASH AMANIEH (hereinafter "Plaintiff") is a resident of Palm Beach County, State of Florida.

5. At all times referred to herein, Defendant JORGE MAURA [hereinafter MAURA or Defendant MAURA] was employed as a police officer for Defendant CITY OF FORT LAUDERDALE, and was acting under the direction and control of Defendant CITY OF FORT LAUDERDALE, and in such capacity as an agent, servant and employee of Defendant CITY OF FORT LAUDERDALE, and its police department.

6. Defendant CITY OF FORT LAUDERDALE [hereinafter CITY or CITY OF FORT LAUDERDALE or Defendant CITY OF FORT LAUDERDALE] is a Florida municipal corporation, organized and existing under the laws of the State of Florida. In this cause, the CITY acted through its agents, employees, and servants, including Defendant MAURA, Robert Masula, and others.

7. Plaintiff sues Defendant MAURA in his individual capacity.

## FACTS COMMON TO ALL COUNTS

8. At all times material hereto, Emporium Construction Corporation was a licensed an insured general contractor in the State of Florida.

9. At all times material hereto, Plaintiff was never an agent, employee, or servant of Emporium Construction Corporation.

10. At all times material hereto, Plaintiff recommended Emporium Construction Corporation to Dean Varvarigos for a kitchen and bathroom remodeling job at the residence of his mother, Mary Varvarigos, located at 3233 NE 34th Street # 1614, Fort Lauderdale, Broward County, Florida. According to Dean Varvarigos, Plaintiff provided Varvarigos with "quotes" for the cost of the project, but had no further involvement (other than offering decorating suggestions).

11. Based on information and belief, Emporium Construction Corporation either

commenced demolition on the project prior to entering into a written contract with Mary Varvarigos, or prior to obtaining the necessary building permits from Defendant CITY OF FORT LAUDERDALE. As a result of the work performed without a building permit, a "STOP WORK ORDER" was issued.

12. On January 9, 2015, Julio Forero, the president of Emporium Construction Corporation was charged with allowing Francisco Sintes to enter the property and begin demolition and work without the necessary permits, insofar as permits were applied for only after the "STOP WORK ORDER" was issued by Defendant CITY OF FORT LAUDERDALE.

13. On January 9, 2015, Francisco Sintes (who worked as a construction worker for Emporium Construction Corporation) was charged removing the kitchen cabinets and sink without the required demolition permits.

14. An after-the-fact building permit was issued to Emporium Construction Corporation on January 28, 2015.

15. On March 16, 2015, Defendant CITY OF FORT LAUDERDALE entered a nolle prosequi and all charges against Francisco Sintes were dropped.

16. Forero entered a plea of no contest on June 4, 2015. Adjudication was withheld and Forero was sentenced to the payment of $293 in costs.

17. On April 14, 2015, Plaintiff was arrested by Defendant MAURA and issued a notice to appear on the charge of unlicensed contracting and working without permits, in the absence of probable cause that Plaintiff committed any criminal offense.

18. The probable cause affidavit/notice to appear completed by Defendant MAURA contained false statements and material omissions.

19. At all times material hereto, Defendant MAURA knew that his probable cause

affidavit/notice to appear would be relied upon by prosecuting authorities for the institution and continuation of criminal proceedings against Plaintiff.

20. The probable cause affidavit/notice to appear prepared by Defendant MAURA for submission to prosecuting authorities contained false statements, including but not limited to the false allegation that post-Miranda Amanieh admitted that he entered into a written contract with Dean Varvarigos to remodel his mother's property and that "had several employees assist in the demolition of the property without the needed permits," when in fact, as Defendant MAURA knew, Plaintiff made no admissions whatsoever, there was never any written contract between Plaintiff and any person, including Dean Varvarigos, and Plaintiff never participated in any of the demolition work performed by Francisco Sintes, or others, either directly or indirectly.

21. Forero entered a plea of no contest on June 4, 2015. Adjudication was withheld and Forero was sentenced to the payment of $293 in costs.

22. A certificate of final completion was issued for the project on June 29, 2015.

23. On September 4, 2015, Defendant CITY OF FORT LAUDERDALE's municipal prosecutor entered a nolle prosequi on all charges against Plaintiff in the matter of *City of Fort Lauderdale v. Siavash T. Amanieh*, Case No. 15-004838M010A, and Plaintiff has never been convicted by any prosecuting authority of any criminal offense as a result of his arrest by Defendant MAURA.

24. At all times material hereto, the conduct of Defendant MAURA occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### PLAINTIFF'S FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT MAURA, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant MAURA, individually, in Count I, Plaintiff states:

25. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 24.

26. Defendant MAURA proximately caused Plaintiff's seizure in the absence of probable cause that Plaintiff committed any criminal offense. Alternatively, Defendant MAURA caused Plaintiff's temporary detention in the absence of reasonable suspicion.

27. The conduct of Defendant MAURA towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from unreasonable search and seizure.

28. As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

29. As a further direct and proximate result of the conduct of Defendant MAURA, individually, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i. Judgment for compensatory damages in excess of $ 15,000 dollars;

ii. Judgment for exemplary damages;

iii. Cost of suit;

iv. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v. Trial by jury as to all issues so triable; and

   vi.  Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT CITY OF FORT LAUDERDALE

For his cause of action against Defendant CITY OF FORT LAUDERDALE, in Count II, Plaintiff states:

  30. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 24.

  31. Defendant MAURA proximately caused Plaintiff's arrest in the absence of legal authority or probable cause that Plaintiff committed any criminal offense.

  32. The conduct of Defendant MAURA constitutes false arrest/false imprisonment of Plaintiff under Florida law.

  33. The false arrest/false imprisonment of Plaintiff by Defendant MAURA was committed by Defendant MAURA in the course and scope of their employment as a police officer for Defendant CITY OF FORT LAUDERDALE.

  34. As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

  35. As a further direct and proximate result of the conduct of Defendant CITY OF FORT LAUDERDALE, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

  WHEREFORE, Plaintiff prays:

   i.  Judgment for compensatory damages in excess of $ 15,000 dollars;

ii. Cost of suit;

iii. Trial by jury as to all issues so triable; and

iv. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT MAURA, INDIVIDUALLY

For his cause of action against Defendant MAURA, individually, in Count III, Plaintiff states:

36. Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 24.

37. Defendant MAURA, individually, personally participated in or proximately caused Plaintiff's arrest in the absence of legal authority or probable cause that Plaintiff committed any criminal offense.

38. The conduct of Defendant MAURA, individually, constitutes false arrest/false imprisonment of Plaintiff under Florida law.

39. Alternatively to the allegations set forth in Count II, if the false arrest/false imprisonment of Plaintiff by Defendant MAURA occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the false arrest/false imprisonment of Plaintiff was committed by Defendant MAURA in his individual capacity.

40. As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

41. As a further direct and proximate result of the conduct of Defendant MAURA, individually, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life,

expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Judgment for exemplary damages;

    iii.    Cost of suit;

    iv.    Trial by jury as to all issues so triable; and

    v.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
## MALICIOUS PROSECUTION AGAINST DEFENDANT MAURA, INDIVIDUALLY

For his cause of action against Defendant MAURA, individually, in Count IV, Plaintiff states:

42.    Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 24.

43.    No reasonably cautious police officer in the position of Defendant MAURA would have believed Plaintiff was guilty-in-fact of any criminal offense.

44.    Defendant MAURA proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice, and in the absence of probable cause that Plaintiff committed any criminal offense, by causing police reports to be submitted to prosecuting authorities containing materially false statements and material omissions.

45.    At all times material hereto, Defendant MAURA knew that her police reports would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal charges against Plaintiff.

46.    The conduct of Defendant MAURA was reckless and without regard to whether the

institution or continuation of criminal proceedings against Plaintiff were justified.

47. The criminal proceedings instituted and/or continued by Defendant MAURA reached a bona fide resolution in Plaintiff's favor.

48. As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

49. As a further direct and proximate result of the conduct of Defendant MAURA, Plaintiff suffered loss of his liberty and freedom, mental anguish, loss of capacity for the enjoyment of life. Plaintiff was also required to pay a criminal defense attorney a reasonable fee for his services in defense of the criminal charge commenced and/or continued against him, in violation of Plaintiff's rights. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    a. Judgment for compensatory damages in excess of $ 15,000 dollars;

    b. Judgment for exemplary damages;

    c. Cost of suit;

    d. Trial by jury as to all issues so triable; and

    e. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

50. Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this  29th   day of July, 2016.

> By: *s/. Hugh L. Koerner*
> Hugh L. Koerner
> Florida Bar No.: 716952
> Email: hlklaw@hughkoerner.com
> Hugh L. Koerner, P.A.
> Sheridan Executive Centre
> 3475 Sheridan Street, Suite 208
> Hollywood, FL 33021
> Telephone: (954) 522-1235
> Facsimile:  (954) 522-1176
> **Attorneys for Plaintiff Siavash Amanieh**